**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **ROYNECO HARRIS, ID # 2212333,** ) | |
|     **Petitioner,** ) | |
| vs. ) | No. 3:19-CV-0732-S-BH |
| ) | |
| **K. PUTNAM,** ) | Referred to U.S. Magistrate Judge |
|     **Respondent.** ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **SUMMARILY DISMISSED** with prejudice.

**I.  BACKGROUND**

Royneco Harris (Petitioner) challenges a disciplinary conviction. (Doc. 3 at 5.) In June 2017, he was convicted of aggravated robbery in cause number F16-76148 in Dallas County, Texas, and received a 45-year sentence. *See* https://offender.tdcj.texas.gov/OffenderSearch (search for Petitioner). While serving his sentence, on November 30, 2018, the disciplinary officer at the Fort Stockton Transfer Facility found Petitioner guilty in disciplinary case number 20190078754 and assessed his punishment at a reduction in line class and 20 days' commissary, recreation, and telephone restriction. (Doc. 3 at 5.) Petitioner alleges that he filed step one and step two grievances challenging this disciplinary conviction, and both were denied. (*Id*. at 5-6.)

Petitioner's petition for federal habeas relief under 28 U.S.C. § 2254, received on March 5, 2019, contends that his right to due process was violated. He asserts that there was no proper investigation, the charging officer failed to disclose evidence, the hearing officer did not examine additional evidence, there was insufficient evidence to support the finding of guilty, his counsel substitute did not present Petitioner's witnesses, there was false testimony, records were falsified,

and there was a misuse of official authority and a conflict of interest. He contends that several prison officers schemed to taint the disciplinary process. (Doc. 3 at 6-9).

## II. SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when a disciplinary action results in a sanction that will impinge upon a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484-87 (1995). In Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision create a protected liberty interest in early release from prison. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007); *Malchi*, 211 F.3d at 957-58 (holding that inmates who are eligible for release on mandatory supervision have a protected liberty interest in the loss of good-time credits).

Petitioner states that he did not lose any good-time credits due to the disciplinary charges, and that he is ineligible for mandatory supervision. (Doc. 3 at 5.) It appears that he is not eligible for mandatory supervision as a result of his conviction for aggravated robbery. *See* Tex. Gov't Code § 508.149(a)(12) (an inmate may not be released to mandatory supervision if serving a sentence for

an offense under Tex. Pen. Code § 29.03 (aggravated robbery). Because Petitioner is not eligible for mandatory supervision, a protected liberty interest is not implicated even if he had lost good-time credits.

To the extent that Petitioner is challenging his reduction in line status, he also has no constitutionally protected property or liberty interest in his classification or the loss of opportunity to accrue good-time credits. *Malchi*, 211 F.3d at 959; *see also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). Likewise, commissary, recreation, and phone restrictions do not implicate due process concerns because they are not an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Malchi*, 211 F.3d at 958; *see also Hinojosa v. Thaler*, 427 Fed. App'x 354, 355 (5th Cir. 2011).

Because Petitioner has no constitutional right that was violated by his disciplinary conviction, his federal habeas petition should be summarily dismissed.

### III.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **SUMMARILY DISMISSED** with prejudice.

**SIGNED on this 7th day of May, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE